[801 NYS2d 601]

In the Matter of RONALD RICHARD, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 6, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kevin E.F. O'Sullivan* of counsel), for petitioner.

*Ronald Richard,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Ronald Richard was admitted to the practice of law in the State of New York by the First Judicial Department on April 2, 2001. At all times relevant to this proceeding, he maintained a business office located at Platinum Asset Management in Manhattan.

By corrected order entered October 10, 2003, this Court suspended respondent from the practice of law on an interim basis pursuant to 22 NYCRR 603.4 (e) (1) (i) based on his wilful failure to cooperate with the Departmental Disciplinary Committee in its investigation of allegations of professional misconduct against him. Specifically, respondent failed to respond to the Committee regarding a complaint from his client that he failed to provide her with information concerning her investment accounts which he managed pursuant to a durable power of attorney.

The Committee's notice of motion to suspend specifically stated that, pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement within six months from the date of the order of suspension may be disbarred without further notice. On November 16, 2004, the Committee served respondent with a notice of entry containing a copy of this Court's October 10, 2003 corrected suspension order.

The Committee now seeks an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) on the ground that he has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension. In addition, the Committee advises that respondent has not filed with the Court or served upon the Committee an affidavit of compliance for a suspended attorney as mandated by 22 NYCRR 603.13 (f). As with the motion to suspend, respondent was served with the instant motion to disbar by mail at his last known home address, but has failed to respond.

Accordingly, inasmuch as more than six months have elapsed since the date of this Court's order of suspension, and respondent has neither appeared nor applied in writing to the Com-

mittee or this Court for a hearing or reinstatement, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., ANDRIAS, MARLOW, SULLIVAN and GONZALEZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.